NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013
Decided February 11, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2819

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10-CR-30034-WDS |
| KENNETH J. LEE, *Defendant-Appellant*. | William D. Stiehl, *Judge*. |

**O R D E R**

Kenneth Lee pleaded guilty in 2006 to mail fraud and failing to file tax returns. He was sentenced to 41 months' imprisonment and 3 years' supervised release, and he was ordered to pay roughly $586,000 in restitution to his victims. A condition of Lee's supervised release (which commenced in 2009) was that he make restitution payments, but he failed to do so. He also attempted to commit identity theft and frequently traveled out of state without permission. As a result, the government sought revocation of his supervised release and, at the same time, petitioned for a writ of garnishment against a bank where Lee held two accounts. The district court granted both requests, imposing 18 months' of reimprisonment and ordering Lee's bank to turn over the money in his accounts for partial satisfaction of the outstanding restitution. Lee then filed a notice of appeal pertaining exclusively to the garnishment, but his appointed attorney has concluded that the appeal is

frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lee has not responded to counsel's submission. *See* CIR. R. 51(b).

As an initial matter, we note that appellate counsel was not required to comply with the *Anders* procedures in moving to withdraw. Garnishment proceedings are civil, not criminal, *see United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007), and civil litigants normally do not have the right to appointed counsel, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1019 (7th Cir. 2006). Counsel recognizes this fact but explains that he filed an *Anders* brief anyway because the garnishment was instituted within Lee's criminal case. But garnishment proceedings remain a civil matter, even when brought under a criminal case number, *see United States v. Lee*, 659 F.3d 619, 620–21 (7th Cir. 2011); *Kollintzas*, 501 F.3d at 800, and we have never recognized a right to counsel in such proceedings. Accordingly, we grant counsel's motion to withdraw.

We also conclude that Lee's appeal is frivolous. In the district court, he contested the garnishment of a $48,000 bank account he had opened in the name "Corporate Enterprise Land Trust." He said this account contained payments from unidentified customers for unspecified goods that he possessed but had not yet delivered; this money, he argued, must be refunded to those customers rather than distributed as restitution. But the Federal Debt Collection Procedures Act allows the government to garnish "property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor."[1] 28 U.S.C. § 3205(a). Bank records show—and Lee has never denied—that he was the only person authorized to access the money in the Corporate Enterprise Land Trust account and that he treated it like a personal account: He used it to buy himself a Cadillac and to pay for life insurance, and he repeatedly withdrew cash and transferred money from the account into his (acknowledged) personal bank account. A person who denies having a substantial interest in property that the government seeks to garnish has the burden of proving his lack of interest. *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 733 (8th Cir. 2001). Lee's assertion that customers have paid him for goods in his possession fails to meet that burden; the customers (if, indeed, there are customers) have a claim to the goods, and Lee has a claim to the purchase money in the account. In any event, to the degree Lee is disclaiming an interest in the money and attempting to assert the rights of putative third-party claimants, the statutory scheme does not assign him that role. *See Grede v. Bank of N.Y. Mellon*, 598 F.3d 899, 902–03 (7th Cir. 2010); *Santee Sioux Tribe of Neb.*, 254 F.3d at 734–35. Any third party with a claim on the money in

---

[1] As Lee was told in the notice of garnishment, a judgment debtor can elect to have certain property, such as a car, exempted. 28 U.S.C. § 3014; 11 U.S.C. § 522(d). Lee made no election, and in any case his bank account would not have qualified.

the account was free to participate in the garnishment proceedings as an "interested person," *Kollintzas*, 501 F.3d at 801–02, but none did.

The judgment of the district court is summarily AFFIRMED. The government's pending motion to dismiss this appeal is DENIED as moot.