# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2022

Lyle W. Cayce
Clerk

No. 20-60204

Jerry VanWagner,

*Plaintiff—Appellant*,

*versus*

C. Faulks, M.S.P. Medical Director; Gloria Perry,
MDOC Medical Director; Angela Brown, Nurse,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:18-CV-150

_____

Before Owen, *Chief Judge*, and Jones and Wilson, *Circuit Judges*.

Per Curiam:*

Appellant Jerry VanWagner challenges the district court's grant of summary judgment in favor of Appellees, two people involved with healthcare in the Mississippi Department of Corrections ("MDOC"). Because he failed to create a genuine issue of material fact as to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60204

constitutionality of the care he received for Hepatitis C or the prison's protocol for treatment, we AFFIRM.[1] We note, however, that this decision covers events up to the date of judgment; it does not foreclose the prison's ongoing responsibility to administer treatment if and when VanWagner's condition deteriorates.

## BACKGROUND

Since he contracted chronic Hepatitis C (HCV) from a visit to the prison barbershop and tested positive in 2012, VanWagner has been monitored by medical personnel in and outside of MDOC. He is enrolled in MDOC's chronic care program. He amassed over two thousand pages of medical records, many of which reflect regular liver tests, specialist visits, and other forms of HCV monitoring and treatment for his other medical conditions. Over the years, his condition gradually deteriorated and, as of this appeal, was rated at least as "advanced fibrosis" and possibly "advanced cirrhosis" of the liver.

In 2015, VanWagner began pressing prison officials to administer the newest HCV drug treatment, direct-acting antivirals ("DAAs"), but they refused to do so. VanWagner asserts, and Appellees do not dispute, that the medicine's high cost factored into the prison's treatment decision.[2] After

---

[1] Appellant's appeal of the court's order denying appointment of counsel in the trial court is mooted by this decision.

[2] Whether cost is a prohibitive factor is not fully explored in the record. Appellees do not deny that cost of the treatment may factor into the prison's decisions, but consideration of cost is not necessarily indicative of deliberate indifference. *See Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981); *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1276 (11th Cir. 2020) (quoting *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999)); *see also Zingg v. Groblewski*, 907 F.3d 630, 638 (1st Cir. 2018); *Reynolds v. Wagner*, 128 F.3d 166, 175 (3d Cir. 1997); *Bowring v. Godwin*, 551 F.2d 44, 47–48 (4th Cir. 1977). VanWagner contends costs were the sole factor against his receiving DAAs, but his acknowledgement that at least one other MDOC inmate is receiving DAAs belies this conclusion.

exhausting his administrative remedies, he filed suit *pro se* in federal court. A *Spears* hearing was held, and VanWagner amended his complaint three times. The magistrate judge dismissed some claims and defendants, leaving in place claims against Nurse Practitioner Angela Brown, a contract nurse who managed his treatment for several years, and Dr. Gloria Perry, MDOC's Medical Director.

Both remaining defendants moved for summary judgment. In addition to the medical records, Nurse Brown offered an affidavit; Dr. Perry produced no further evidence. The district court, in a brief order, concluded that VanWagner failed to create a genuine issue of material fact concerning defendants' deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 832, 837, 114 S. Ct. 1970, 1976, 1978–79 (1994). In its opinion, the court misstated some relevant facts—specifically, the increasing severity of VanWagner's chronic liver disease and the purpose of a consultative visit with a gastroenterologist in August 2019.

On appeal, and now represented by counsel, VanWagner argues that there exist genuine material fact issues concerning (1) whether he received any medical "treatment" other than monitoring; (2) whether the prison's withholding of DAAs was due to its cost; (3) whether the defendants failed to provide an outside HCV specialist consultation, despite recommendations from prison medical staff; (4) whether the defendants followed MDOC's standards for treating HCV patients; and (5) whether any of the above listed deficiencies as well as the protocol itself amount to deliberate indifference in violation of the Eighth Amendment.

## DISCUSSION

Upon careful study of the record and relevant case law, we concur with the district court's conclusion that VanWagner did not adduce

sufficient evidence to create triable fact issues concerning deliberate indifference as to either Nurse Brown or Dr. Perry.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they show deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). To establish an Eighth Amendment violation based on deliberate indifference, a plaintiff must demonstrate "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346 (internal quotation marks and citation omitted). A prisoner's disagreement with the treatment given or assertion that he should have received further treatment does not raise a viable claim. *Id.* "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Id.* at 346 n.24 (internal quotation marks and citation omitted).

VanWagner was enrolled in the prison's chronic care program and has indubitably received appropriate periodic testing to determine the progression of his HCV as well as symptomatic treatments. According to the medical records and Nurse Brown's affidavit, the prison's decision whether to provide HCV treatment depended in part on the patient's Fibrosis-4 score, which is a distinct metric from the FibroTest diagnostic test on which VanWagner relies. Which score is most informative regarding the patient's need for DAAs is put in issue by VanWagner, yet he offered no expert medical evidence to challenge the prison's testing measures, much less to

establish that the prison's measures are deliberately indifferent.[3]    This determination raises a quintessential matter of medical judgment. VanWagner's difference of opinion with the prison authorities' medical judgment does not raise an issue of deliberate indifference from the record before us.    *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019) ("[D]isagreement about the recommended medical treatment is generally not sufficient to show deliberate indifference.").

As to Nurse Brown, no triable issue of deliberate indifference is supported by the record.  Among other things, she recommended in October 2018 that VanWagner be seen by a gastroenterologist specialist for his HCV. She further undertook to provide VanWagner with ongoing and regular testing for purposes of monitoring his condition, as well as provided symptomatic treatments.  There is no contention that she performed her tasks incompetently or engaged in malpractice, although even these contentions would still not set up a fact issue for deliberate indifference in this case.  She further had no responsibility or decision-making authority with respect to whether VanWagner qualified for DAAs or whether DAAs would be denied "because of cost."    Thus, Nurse Practitioner Brown neither objectively nor subjectively disregarded a substantial risk to VanWagner's health.

VanWagner's case against Dr. Perry ultimately boils down to his disagreement with the prison's monitoring and treatment protocol.  In fact, his briefs on appeal mention Dr. Perry's specific involvement with him only once.  His brief states that VanWagner communicated with her in hopes of obtaining DAAs and was refused.  Because Dr. Perry filed no affidavit with

---

[3] To establish deliberate indifference, VanWagner had to show that Appellees "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979.

No. 20-60204

her summary judgment motion or otherwise provided contrary evidence, VanWagner intimates she denied him DAAs solely because of cost. But VanWagner's problem is that, as a defendant, Dr. Perry bore no burden to disprove his claims; he had the burden to present evidence demonstrating a genuine and material fact issue that the prison's approach to monitoring the progress of the chronic, progressive disease was inherently deliberately indifferent. There is much in this record about diagnostic tests, enzyme levels, symptoms, and indeed other significant maladies that VanWagner experienced, but without expert medical evidence concerning a complex condition like HCV, a federal court cannot draw conclusions about constitutionally deficient medical care.[4]

Finally, to the extent VanWagner attempts to challenge the prison's HCV protocols as deliberately indifferent, the record is undeveloped for that purpose. VanWagner's citations to a burgeoning set of authorities from other circuits, while enlightening, cannot supplant the need for evidence in the district court. And in most of the circuit court cases, trials or extensive evidentiary hearings had occurred that undergirded and were discussed at length in the eventual appellate decisions. *See Atkins v. Parker*, 972 F.3d 734, 738 (6th Cir. 2020), *cert. denied sub nom. Atkins v. Williams*, 141 S. Ct. 2512 (2021); *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1268 (11th Cir. 2020).

## CONCLUSION

As stated at the outset, the foregoing discussion references facts established as to VanWagner's condition up until the date of judgment. Consequently, it does not preclude further exploration if his chronic HCV

---

[4] Implicitly acknowledging the deficit of probative medical opinions, VanWagner and an amicus brief cite facts outside the district court record. We cannot, of course, review the summary judgment based on those submissions.

No. 20-60204

worsens in the future.  But based on this record, the judgment of the district court is AFFIRMED.