In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1762

RONALD ROMANELLI,

*Plaintiff-Appellant,*

*v.*

DALIA SULIENE AND CHRISTOPHER KUHL,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-cv-19—**Stephen L. Crocker**, *Magistrate Judge.*

ARGUED MAY 26, 2010—DECIDED AUGUST 11, 2010

Before RIPPLE, KANNE, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge*. This appeal arises out of a 42 U.S.C. § 1983 lawsuit in which prisoner Ronald Romanelli claimed that Dalia Suliene, a jail physician, and Christopher Kuhl, a jail sergeant, violated his right to receive acceptable medical care during his pretrial detention at Columbia County Jail. Romanelli alleged that during his incarceration, Dr. Suliene and Sergeant Kuhl were deliberately indifferent to what Romanelli con-

sidered serious medical needs, particularly with respect to his needs for Crohn's disease treatment and replacement eyeglasses. At the conclusion of trial, the jury returned a special verdict finding that neither of the alleged health concerns constituted a serious medical condition. Romanelli raises two issues on appeal: that the district court erred in denying his three pre-trial motions for court-appointed counsel, and that the district court erred in admitting evidence of his prior felony convictions for impeachment purposes. We affirm.

## I. BACKGROUND

Then-Chief District Judge Barbara Crabb, who initially presided in this case, granted Romanelli leave on March 13, 2007, to proceed on his civil rights claims under § 1983 against Dr. Suliene, Sergeant Kuhl, and several other defendants. Before any of the named defendants answered the complaint, Romanelli filed a motion for court-appointed counsel. Judge Crabb denied his motion without prejudice on March 20, stating that it was premature to make such a determination, and that under *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992), Romanelli failed to demonstrate that he had made reasonable efforts to secure counsel on his own, or conversely, that he was prevented from doing so. (Appellant App. at 22-24.)

Less than three months later, Romanelli filed a second motion for court-appointed counsel. Romanelli contended that due to his indigence and incarceration he

would be unable to adequately represent himself. The district court denied his motion on June 15, with Judge Crabb concluding that Romanelli was sufficiently capable of such representation under the law. The court reasoned that the allegations made by Romanelli in his complaint were both "comprehensible and literate," and that the case was fairly straightforward. (*Id.* at 26.) The court added that under *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997), civil litigants are not, as a matter of right, entitled to court-appointed counsel in federal court, and that pursuant to *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993), only under "exceptional circumstances" will a court appoint counsel for indigent litigants. (Appellant App. at 26.) Judge Crabb observed that if a plaintiff like Romanelli received appointed counsel merely because of his indigence and incarceration, an "overwhelming number of pro se prisoner litigants would become entitled to counsel." (*Id.* at 27.)

The defendants moved for summary judgment in October 2007. That motion was granted in part and denied in part on January 10, 2008, the result being that Romanelli successfully survived Dr. Suliene's and Sergeant Kuhl's motions for summary judgment. His case against them then proceeded to trial.

Romanelli filed his third and final motion for appointment of counsel on February 4, 2008. In support of his motion, Romanelli pointed out that although he had not deposed the defendants, they had scheduled his deposition, and "it would not be equally right for the plaintiff to proceed to trial with a blind eye." (*Id.* at 28.) He also

claimed that his recent diagnosis of depression and prescription of an anti-depressant gave rise to exceptionally changed circumstances. Judge Crabb denied his motion on February 12. Relying on *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc), the court reasoned that Romanelli had competently represented himself in the case thus far, he had successfully defeated Dr. Suliene's and Sergeant Kuhl's motions for summary judgment, he had been provided detailed instructions with regard to the applicable governing law and trial procedures, and the case was not factually or legally complex. Judge Crabb also observed that "[t]he whole point of [taking anti-depressants] is to allow the person taking them to think and act rationally." (Appellant App. at 29.) With respect to Romanelli's other claim, the court noted that Romanelli had been free throughout the proceedings to depose the defendants, and that if cost was the issue, "appointing counsel for the mere purpose of shifting cost of litigation to the lawyer is neither required nor appropriate." (*Id*. at 30.)

All parties subsequently consented to the referral of the case to Magistrate Judge Stephen Crocker, and trial commenced on March 17, 2008. Before trial, the court read a series of introductory instructions to the jury, including instructions regarding witness credibility. The court stated:

> A witness may be discredited by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

> If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.
>
> If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

(*Id*. at 4.)

Romanelli delivered his opening arguments first. In the process of introducing himself to the jury, Romanelli announced that he was a convicted criminal. During the defendants' opening statements, however, counsel merely stated that the jury would be apprised of Romanelli's criminal record during the course of the trial.

Following opening arguments and outside the presence of the jury, Judge Crocker held a conference with Romanelli and the defendants. Dr. Suliene and Sergeant Kuhl moved under Rule 609 of the Federal Rules of Evidence that they be permitted to impeach Romanelli with his prior felony convictions for bail jumping and second-degree sexual assault, as well as his misdemeanor convictions for twenty-two counts of issuing worthless checks, resisting/obstructing an officer, and failing to report as a sex offender. The court considered and denied the defendants' motion to use Romanelli's convictions for resisting/obstructing an officer or failure to report as a sex offender, finding that the probative

value was outweighed by the potential for unfair prejudice. However, the court allowed the use of Romanelli's other convictions.

Then, during Romanelli's case-in-chief, in a strategic decision apparently designed to preempt the defense from casting his prior convictions in a negative light, Romanelli focused on and explained at length his version of the facts underlying the sexual assault conviction. He then detailed his version of what happened during his stay at the Columbia County Jail. He claimed that he suffered from repetitive, debilitating bouts of diarrhea, but that Dr. Suliene and Sergeant Kuhl ignored his requests for medical attention. Romanelli stated that Dr. Suliene declined to perform any lab tests unless he paid for them up-front. Romanelli did not present any witnesses to corroborate his version of the events.

On cross-examination, the defendants attempted to impeach Romanelli by citing numerous inconsistencies in his testimony, his prior written and oral statements, and his evidentiary documents. Romanelli acknowledged the fact that his formal written complaints about his Crohn's disease were submitted *after* he was transferred to a different facility. (Appellant App. at 6.) Romanelli also conceded that Dr. Suliene had in fact met with him on several occasions prior to his transfer in order to address his alleged discomfort, and that he was simply unhappy with Dr. Suliene's diagnosis. (*Id.*)

With respect to Romanelli's prior convictions, defense counsel merely confirmed with Romanelli that he had in fact been convicted for issuing worthless checks and

sexual assault. Moreover, Judge Crocker specifically instructed the jury on how it should consider the evidence of Romanelli's prior crimes:

> You have heard evidence that Ronald Romanelli has been convicted of a crime. You may consider this evidence only in deciding whether Ronald Romanelli's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

(Appellant Separate App. at 169.)

During Dr. Suliene's and Sergeant Kuhl's presentation of the case, they provided overwhelming evidence to contradict Romanelli's testimony, including but not limited to the fact that Sergeant Kuhl promptly responded to Romanelli's complaints and followed up with medical staff on Romanelli's behalf; Dr. Suliene was familiar with Crohn's disease and at the conclusion of each of three examinations she found him to be healthy, well-hydrated, and actually gaining weight; Romanelli refused a blood test when jail staff informed him that his jail account would be debited the charge for the service; Romanelli continued to use the balance of his account to purchase junk food and other spicy food from the jail commissary; and Romanelli never sought to obtain medication from home or from the jail canteen. (*Id*. at 6-8.) The court later observed that "there was evidence contradicting every major premise that Romanelli offered in his testimony and there were numerous points on which Romanelli was caught in inconsistencies that reasonably could have been viewed as self-serving and intentional." (*Id*. at 6-7.)

Throughout the trial, the court and the defendants' attorneys adopted an informal approach to the proceedings in order to accommodate Romanelli. For example, despite being supplied with detailed instructions on how to subpoena witnesses, Romanelli chose not to subpoena any witnesses, or alert the court that he might wish to present additional witnesses at trial. Nevertheless, the defendants also permitted Romanelli to question them and other jail staff freely about the facts giving rise to his claims. When Romanelli presented his own oral testimony, the defendants' attorneys did not interrupt him with objections, and the court did not strictly hold Romanelli to the Federal Rules of Evidence. The court and counsel also took a relaxed approach to Romanelli's use of exhibits. Finally, Judge Crocker explained his rulings in careful detail to Romanelli.

The jury returned a special verdict finding that Romanelli's Crohn's disease and his need for replacement eyeglasses did not constitute serious medical conditions. Accordingly, the jury did not address the questions regarding Romanelli's state of mind or damages. The district court entered judgment in favor of Dr. Suliene and Sergeant Kuhl on March 24, 2008.

Romanelli simultaneously filed a notice of appeal, a Rule 59 motion for a new trial, and an alternative motion for a judgment as a matter of law. We stayed the appeal pending the district court's disposition of the Rule 59 motion. Romanelli presented virtually identical arguments in his Rule 59 motion as those that are now before us. The district court denied Romanelli's Rule 59 motion in all respects on June 17, 2008.

## II. ANALYSIS

Romanelli argues on appeal that the district court erred in its denial of his motions for court-appointed counsel, claiming that the outcome would have been different had the district court granted his motions. Romanelli also argues that Judge Crocker's decision to allow evidence of two felony convictions for impeachment purposes was unfairly prejudicial. We take each argument in turn.

### A. *Court-Appointed Counsel*

There is no constitutional or statutory right to counsel in federal civil cases. *Pruitt*, 503 F.3d at 656; *see Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt*, 503 F.3d at 654 (*citing Johnson*, 433 F.3d at 1006; *Farmer*, 990 F.2d at 323). When a *pro se* litigant submits a request for court-appointed counsel, the district court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Id*. Next, the district court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id*. at 654-55.

We review the district court's denial of a litigant's request for appointment of counsel for an abuse of discretion. *Jackson v. Kotter*, 541 F.3d 688, 699-700 (7th Cir. 2008); *Pruitt*, 503 F.3d at 658.

Our review of the district court's decision is deferential. *Pruitt*, 503 F.3d at 658-59. "'A court does not abuse its discretion unless . . . (1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary.'" *Id.* at 658 (*quoting Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004) (alteration in original)). We do not engage in an independent analysis of the plaintiff's claims and competency; instead our task is to determine "whether the district court applied the correct legal standard and reached a reasonable decision based on facts supported by the record." *Id.* "We ask not whether the [the judge] was right, but whether he was reasonable." *Id.* (alteraton in original) (*quoting Farmer*, 990 F.2d at 322) (quotations omitted). Although we may determine that the district court abused its discretion, reversal of a district court's denial of counsel is reserved for when the litigant can establish actual prejudice. *Id.* at 659.

We find that the district court did not abuse its discretion in denying Romanelli's motions for court-appointed counsel. In response to each motion, the district court applied the correct legal standard and carefully analyzed the facts as they existed at the time of the particular motion.

With respect to Romanelli's first motion, the district court determined that Romanelli had not demonstrated that he made reasonable efforts to secure his own lawyer

or that he had been prevented from doing so. Regardless, the court noted the correct legal standard in the event Romanelli were to make such a showing: "the court must consider whether plaintiff is able to represent himself given the legal difficulty of the case, and if he is not, whether having a lawyer would make a difference in the outcome of his lawsuit." (Appellant App. at 23.) Because at the time Romanelli made his motion none of the defendants had filed an answer, the district court properly concluded that the case was still in its infancy, thereby making it impossible at that juncture to make any accurate determination regarding Romanelli's abilities or the outcome of the lawsuit. Therefore, we hold that the district court's denial of the first motion without prejudice was reasonable.

When the district court addressed Romanelli's second motion for the appointment of counsel, it found that Romanelli had met the threshold burden of showing an inability to find a lawyer willing to represent him. The court then considered the complexity of the case and concluded that the legal issues were "not overly difficult." (*Id*. at 26.) The court opined that "[a]ll plaintiff needs to show to prevail on his claim is that he had a serious medical need and that defendants consciously disregarded that need . . . ." (*Id*. at 26-27.) Based on its review of the pleadings, the court determined that Romanelli could competently represent himself. Because the court found that no exceptional circumstances existed that would merit appointment of counsel, it denied the motion. We agree and conclude the second denial was reasonable.

In considering Romanelli's third motion for court-appointed counsel, the district court again considered the complexity of the case and Romanelli's ability to litigate. Romanelli alleged that he had been unable to depose the defendants and that he needed a lawyer in order to do so. The district court was unpersuaded:

> The record . . . reveals that plaintiff has competently represented himself thus far. All of his submissions have been coherent and articulate. Plaintiff has successfully defeated defendants' motion for summary judgment . . . . He has been provided with instructions relating to the conduct of trial and is presently taking steps to prepare for trial. . . . The governing law of this type of claim . . . was explained to plaintiff. . . . Plaintiff is uniquely qualified to testify to his understanding of the reason he was denied treatment. In sum, I can conceive of no reason why plaintiff cannot prosecute his claims on his own.

(*Id*. at 29.) The court also addressed Romanelli's claim that he was incapable of representing himself because he had been prescribed and was taking an anti-depressant medication. It determined that such facts did not give rise to the "exceptional circumstances" noted in *Farmer*, 990 F.2d at 322.

Like the district court, we see no reason why Romanelli could not have deposed the defendants or how his medication adversely affected his ability to litigate, and we take note of the court's observation that such medication might actually have accrued to his benefit. The district court applied the appropriate legal

standard, and its decision was reasonable in light of the facts supported by the record.

Adding further credence to our decision is the fact that in its order denying Romanelli a new trial, Judge Crocker addressed a central issue that is in front of us now. Judge Crocker commented that "[t]he fact that Romanelli ultimately lost at trial . . . will not call into question the propriety of the court's decision to deny him counsel. . . . Having seen and heard Romanelli's performance at trial, I have no doubt that he was sufficiently intelligent, literate, articulate, tenacious and assertive adequately to represent himself." (Appellant App. at 12.) As to whether there was a reasonable likelihood that the outcome could have been different had an attorney been appointed for Romanelli, *see Pruitt*, 503 F.3d at 659, the court said, "as a neutral observer of the entire trial, I cannot imagine a realistic scenario in which Romanelli could have prevailed." (Appellant App. at 13.)

We agree. We find that in each instance the district court applied the correct legal standard to the circumstances of the case at the time of each motion. At no time did Romanelli show that he was incapable of adequately representing himself. This was not an overly difficult case. Throughout the pretrial and trial proceedings, Romanelli repeatedly showed that he understood the facts and legal principles of his case, as demonstrated by his defeat of the defendants' motion for summary judgment. Although the district court provided detailed instructions on how to secure corroborating witnesses, Romanelli simply chose not to do so. More-

over, at trial he testified on his own behalf regarding his unique personal knowledge of his health and the treatment he allegedly was denied, he cross-examined the defendants and other jail employees, and he presented numerous exhibits relevant to his claims. The jury, however, found that Romanelli was not credible, and that he lacked sufficient corroborating evidence of his claims of serious medical conditions.

Romanelli further argues on appeal that an attorney was necessary in order for him to secure expert medical testimony to support his claims. However, because the defendants conceded that Romanelli had Crohn's disease, the only question remaining was whether he was symptomatic of the condition. This was a credibility question. The jury chose to believe Dr. Suliene's and Sergeant Kuhl's testimony that they were responsive to Romanelli's complaints, that Romanelli appeared healthy and had actually gained weight, that Romanelli refused to purchase a blood test or pain medication, and that Romanelli declined to contact his health care provider for medication. Although it is conceivable that an attorney could have helped Romanelli in some ways, "just because counsel might have added opportunities to improve the presentation of [the plaintiff's] case does not mean that the case itself was so overly complex that counsel was required. . . . [S]peculating about how counsel might have done a better job prosecuting the case is neither necessary nor appropriate." *Jackson*, 541 F.3d at 701 (internal quotation marks omitted). Because this was a relatively straightforward case, and there is no indication of prejudice, we find that the district court's decision to not request counsel was reasonable.

Romanelli failed to carry his burden to demonstrate on appeal that the district court misapplied the correct legal standard or that its decision was unreasonable. Therefore, we find that the district court did not abuse its discretion in denying Romanelli's motions.

## B. Prior Convictions

Romanelli also argues that the district court should have excluded the impeachment evidence of his sexual assault and bail jumping convictions. Romanelli contends that his sexual assault conviction in particular was so highly prejudicial that its admission overly influenced the outcome of the trial on the merits. As a result, Romanelli argues that he is entitled to a new trial.

We review evidentiary rulings for abuse of discretion. *United States v. Thomas*, 453 F.3d 838, 845 (7th Cir. 2006). In this context, Romanelli faces an uphill battle because "the district court enjoys broad discretion." *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008); *Wilson v. Groaning*, 25 F.3d 581, 587 (7th Cir. 1994) ("[T]he trial court's balancing of probative value and unfair prejudice is highly discretionary and will be accorded great deference."). We will reverse "only if an erroneous ruling has a substantial influence over the jury." *United States v. Smith*, 230 F.3d 300, 307 (7th Cir. 2000).

Under Federal Rule of Evidence 609(a)(1), evidence of prior felony convictions is admissible in a civil case to impeach the credibility of the plaintiff, subject to Rule 403. Under Rule 403, the district court must balance

the probative value of the evidence against the risk of unfair prejudice to the plaintiff. Even though evidence may be relevant, it may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id*.

Here, at the time of the court's rulings on the evidence, the jury was already aware that the lawsuit was a prisoner's civil rights case. Furthermore, Romanelli confirmed his criminal history in his opening argument. With this in mind, the district court exercised its discretion to admit the evidence of his felony convictions for sexual assault and bail jumping, and his twenty-two misdemeanor convictions for issuing worthless checks, while excluding evidence of his convictions for resisting/obstructing an officer and failing to report as a sex offender. Before the defendants ever questioned Romanelli regarding his prior convictions, Romanelli chose to describe in detail his version of the events underlying each conviction. Almost all the facts relating to the sexual assault conviction that Romanelli contends were highly prejudicial were brought into the record by Romanelli himself. Despite having opened the door to questions further highlighting these convictions, the defendants limited their cross-examination to two non-sensational, factual questions that merely confirmed his criminal record. Finally, the district court provided post-trial limiting instructions detailing how the jury should consider that evidence.

We conclude that the district court was well within its discretion in admitting evidence of Romanelli's prior

convictions. We note, however, that even if there had been error as a result of the admission of Romanelli's conviction for sexual assault, such error would have been harmless. The outcome in this case turned on Romanelli's utter lack of personal credibility and the paucity of corroborating evidence to support his claims—not on what the jury heard with respect to his prior convictions. We find that the district court did not abuse its discretion.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Romanelli's motions for court-appointed counsel and the district court's decision to allow impeachment evidence in the form of Romanelli's prior felony convictions.