NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2014[*]
Decided July 28, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1666

| | |
|---|---|
| JOSEPH L. WILKINS, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-4003 |
| JILL WAHL, et al., <br> *Defendants-Appellees.* | Sara Darrow, <br> *Judge.* |

**O R D E R**

Joseph Wilkins, a former Illinois prisoner, challenges the grant of summary judgment against him in this deliberate-indifference case concerning the adequacy of his treatment for back pain at two state prisons. We affirm the judgment.

In early 2011 Wilkins sued a nurse at Stateville Correctional Center, two doctors and a nurse at East Moline Correctional Center, and four employees involved in the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

East Moline grievance process because they had denied his repeated requests for physical therapy for a preexisting back injury. Before the district court had even screened the complaint, *see* 28 U.S.C. § 1915A, Wilkins filed five motions asking the court to recruit counsel based on his ninth-grade education and severe depression. The court denied those motions, explaining that Wilkins had not demonstrated that he had tried to find counsel on his own. A few months later Wilkins filed two additional motions requesting a lawyer, and the court denied these requests because he appeared competent to litigate the claims.

Discovery ensued and Wilkins fleshed out his deliberate-indifference claim against the medical staff. During his intake screening at Stateville in August 2010, he recounted, he told nurse David Thomas that he recently had been in a car accident and that his doctor had recommended physical therapy. Thomas scheduled him for a routine physical examination, but did not note the reported back injury on the intake form. After a transfer 10 days later to East Moline, Wilkins told nurse Dianna Barkley that he was supposed to receive physical therapy; she replied that the referral would be in his medical records from Stateville. There was no referral in the records, Wilkins did not receive physical therapy, and his emergency grievance demanding physical therapy was denied. He saw doctor Jill Wahl in late September concerning an ear infection, and she declined to address his complaint of lower-back pain because, she said, he had not reported it to a nurse before their appointment as required by prison protocol. She told him to follow up with the nurses. Starting in mid-October, Wilkins began reporting back pain to nurses and in turn received Advil and Tylenol. Five times over the next six months, he met with William Rankin, another doctor at East Moline, who provided pain relievers and a booklet of back exercises, but Wilkins said the exercises were too painful to perform on his own. Wilkins filed several more grievances seeking physical therapy and help obtaining his outside medical records, but these were also denied.

For their part, the defendants provided evidence that the medical staff had examined Wilkins's back several times and exercised their professional judgment in choosing pain relievers instead of physical therapy. According to undisputed portions of Wilkins's medical record, doctors or nurses at East Moline met with him 18 times during his 7 months in the prison; at 8 of those visits he received a physical evaluation, painkillers, or both. Doctors Wahl and Rankin explained in their affidavits that back pain is a difficult complaint to verify, though some level of back pain is common among adults. They opined based on their observations of Wilkins's behavior and physical examinations of his back that Wilkins did not suffer serious back pain.

During discovery, Wilkins was released from prison, and he sought to transfer the case from the Central District of Illinois (which covers East Moline) to the Northern District of Illinois because he was living in Chicago after his release. The court denied the request to transfer the case, explaining that venue was appropriate only where the defendants resided or where a substantial portion of the events underlying the claim had occurred, *see* 28 U.S.C. § 1391(b), and noted that in any event, most hearings would be conducted by phone or video conference.

The district court then granted the defendants' motion for summary judgment. First, the court explained, Wilkins's disagreement with the medical judgment of doctors Wahl and Rankin did not establish an Eighth Amendment violation because he did not provide any evidence suggesting that their decisions substantially departed from professional norms. Nor was nurse Thomas deliberately indifferent to Wilkins's report of a back injury, the court added, because he scheduled Wilkins for a follow-up physical examination at which he would be able to receive more care. As for the nonmedical defendants, the court concluded that all of the prison employees involved in the grievance process were entitled to rely on the judgment of medical professionals.

On appeal Wilkins generally challenges the summary judgment for the defendants based on the omission of his reported back injury from his intake form and the more extensive treatment he received at the time of the car accident and after his release. But the court correctly concluded that Wilkins did not provide any evidence that prison medical staff were deliberately indifferent to his back pain. As the district court noted, Thomas scheduled Wilkins for a physical exam, so the evidence does not suggest that he recklessly disregarded Wilkins's report of a back injury. *See Estelle v. Gamble*, 429 U.S. 97, 107–08 (1976); *Jackson v. Kotter*, 541 F.3d 688, 697–98 (7th Cir. 2008). And even though an outside doctor had recommended physical therapy, disagreement among doctors is not enough to show deliberate indifference, *see Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073–74 (7th Cir. 2012), and the court rightly concluded that Wilkins did not provide any evidence that his treatment by the doctors was blatantly inappropriate, *see Roe v. Elyea*, 631 F.3d 843, 857–58 (7th Cir. 2011). To the extent that Wilkins challenges the grant of summary judgment for the defendants involved in the grievance process, his claim fails because these employees were entitled to rely on medical records showing that he was receiving treatment for his back pain. *See Arnett v. Webster*, 658 F.3d 742, 755–56 (7th Cir. 2011).

Wilkins also argues that the district court abused its discretion in declining to recruit counsel despite his ninth-grade education and severe depression. But the court

applied the correct legal standard, *see Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc), and reasonably found Wilkins competent to litigate on his own based on his coherent filings and personal knowledge of the facts underlying his claim, *see Romanelli v. Suliene*, 615 F.3d 847, 852–53 (7th Cir. 2010).

Although Wilkins generally challenges the denial of his motion to transfer, he did not say why his case originally could have been brought in the Northern District of Illinois, as required to change venue, *see* 28 U.S.C. § 1404(a); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010), so the district court did not abuse its discretion in denying the motion.

**AFFIRMED**.