NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021[*]
Decided February 26, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1742

| | |
|---|---|
| WILLIAM RICHTER,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 4681 |
| WEXFORD HEALTH SOURCES, INC., et al.,<br>*Defendants-Appellees*. | **Gary Feinerman**,<br>*Judge*. |

## O R D E R

William Richter, an Illinois inmate, appeals the district court's dismissal of his complaint, principally contesting the denials of his motions to recruit counsel. Because the district court reasonably found that Richter could proceed without counsel and had in any case abused the privilege of recruited counsel, we affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Richter's complaint, which alleged deliberate indifference to his medical needs in violation of the Eighth Amendment, grouped together nine claims, four defendants, and assertions about two prisons. *See* 42 U.S.C. § 1983. He alleged that Wexford Health Sources, Inc., failed to train staff adequately and wrongfully denied him access to outside specialists to treat scrotal, chest, abdominal, cough, and vascular problems. The other defendants (individual doctors) allegedly failed to treat numbness, back pain, testicular pain, and swollen ankles and wrists. He claimed that they also recklessly withheld a bottom-bunk permit and wrongfully allowed his prison transfer.

At screening, the district court dismissed the complaint without prejudice and denied Richter's request for counsel. It explained that Richter had improperly joined unrelated defendants and claims, and it gave him a month to amend his complaint with only properly joined claims. The court then denied his request for counsel for two reasons: The quality of his writing reflected that Richter was competent to litigate the case at the pleading stage, and he had not shown an effort to secure counsel on his own.

Rather than amend his complaint, Richter moved to reconsider the denial of his request for counsel, providing evidence of his efforts to retain counsel. The court again rejected his request, adding another reason: The pool of recruitable counsel is limited, Richter had "fired" his recruited counsel in an earlier case (*Richter v. Wexford Health Sources, Inc.*, No. 14 C 6480, 2017 WL 2813658 (N.D. Ill. June 29, 2017)) for objectively unjustifiable reasons, and it would "not risk subjecting another attorney" to Richter's "unacceptable" behavior. Richter then asked for a different judge and "emergency" counsel, arguing that the judge was biased against him. The court denied those motions as well. In the meantime, the court had granted Richter a four-month extension of time to amend the complaint (warning Richter that a failure to amend could result in dismissal) and, sua sponte, a second extension of four weeks. When Richter did not amend his complaint, despite the extensions and warning, the court dismissed the case for lack of prosecution.

On appeal, Richter primarily contests the district court's refusal to recruit counsel for him. He argues that the court was biased against him, he had attempted to retain counsel on his own, he was unable to prosecute his case himself, and the court should not have relied on his decision to fire recruited counsel in another case.

All of Richter's arguments fail. First, Richter's contention of bias is based on the adverse rulings that he received from the district court and its reference to his past litigation. But a finding of bias cannot be supported merely by an adverse ruling, *see Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015), or a reference to past litigation

conduct. *See In re City of Milwaukee*, 788 F.3d 717, 722 (7th Cir. 2015); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994).

Second, we will assume that Richter attempted but failed to retain counsel, but that effort did not entitle him to recruited counsel. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). To be eligible for a favorable exercise of discretion in a request for counsel, a plaintiff must make reasonable efforts to obtain counsel *and* be unable to litigate the case. *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The court properly considered the demands of the case at the pleading stage as well as Richter's demonstrated ability to express himself in writing, and it reasonably found that Richter was able to draft an amended complaint without recruited counsel. *See Romanelli v. Suliene*, 615 F.3d 847, 852–53 (7th Cir. 2010). So the court reasonably denied the requests for counsel at the pleading stage.

In any case, the district court properly exercised its discretion in denying the motion to recruit counsel for the independent reason that Richter had unjustifiably "fired" his recruited lawyer in another case. There, the court found that his firing was "not objectively reasonable." Order at 2, *Richter v. Obaisi*, No. 14 C 6480 (N.D. Ill. Feb. 27, 2019). Richter responds that he had a sound reason for firing his attorney, but he has not shown that the judge's decision to the contrary was clear error—the standard by which we assess such decisions. *Webster v. Watson*, 975 F.3d 667, 683 (7th Cir. 2020) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985); FED. R. CIV. P. 52(a)(6)). The court did not abuse its discretion by deciding not to reward an uncooperative litigant with more pro bono legal assistance. *See Cartwright v. Silver Cross Hospital*, 962 F.3d 933, 936–37 (7th Cir. 2020).

Finally, we note that Richter does not challenge on appeal the district court's ruling that Richter had impermissibly brought several claims against unrelated defendants in one case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor could he. We have explained that district courts should prohibit prisoners from attempting to join unrelated claims and defendants. *Id.* Because the court permissibly required Richter to limit his complaint to one set of properly joined claims, gave him several chances to amend, and warned him that failure to do so could lead to dismissal, it reasonably dismissed the case for Richter's failure to amend. *See* FED. R. CIV. P. 41(b); *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017); *see also Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (even pro se litigants must follow procedural rules).

AFFIRMED.