**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2021[*]
Decided March 19, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1388

| | |
|---|---|
| STEVEN D. SCOTT, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CV-312 |
| GARY ANKARLO, et al., <br> *Defendants-Appellees.* | Lynn Adelman, <br> *Judge.* |

**O R D E R**

Steven Scott, a Wisconsin inmate, sued four providers in his prison's Psychological Services Unit for deliberate indifference under the Eighth Amendment. He claimed that the defendants enabled unhealthy conditions and failed to ensure that he received basic hygiene supplies during his time in clinical observation status. Scott now appeals the district court's entry of summary judgment for the psychologists.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because a reasonable jury could not find the defendants responsible for the conditions in Scott's observation cell, we affirm.

According to the evidence submitted at summary judgment, Scott suffered suicidal tendencies from 2011 through 2014. To mitigate the risk of self-harm, he was placed on clinical observation status on separate occasions in 2011, 2013, and 2014. While in observation status, Scott had limited access to items that could be misused, such as toilet paper and soap, and he was constantly monitored by correctional staff. He was also evaluated daily by Psychological Services Unit staff (including the defendants, Gary Ankarlo, Steven Schmidt, Martha Breen-Smith, and Katie Oblinski) to assess his need to remain under observation.

Scott complained of continuous lighting that made it impossible to sleep, loud noises, uncomfortably low temperatures, a dirty cell, and inadequate access to toilet paper and soap. He alleged that these conditions led to extreme discomfort and poor hygiene. For instance, he raised concerns to an on-duty sergeant (not a Psychological Services Unit member) about the lack of soap during his 2013 confinement. According to the defendants and the notes of their daily visits, Scott was often uncooperative and unwilling to communicate with them, but Scott says he told them of his concerns, and they did nothing to assist him.

In March 2018, Scott sued Ankarlo, Schmidt, Breen-Smith, and Oblinski for their indifference to the conditions of his confinement while he was under observation in 2011, 2013, and 2014. Scott moved for recruited counsel several times, but each motion was denied (the final one by Magistrate Judge Joseph and the rest by Magistrate Judge Jones). He then moved for summary judgment on his claims, and the defendants filed a cross motion for summary judgment. The district court denied Scott's motion and granted the defendants'. It concluded that Scott's 2011 claims were barred by the statute of limitations and that Scott failed to administratively exhaust his 2014 claims. The court then analyzed Scott's 2013 claim and determined that the dispute over whether Scott told the defendants about the conditions in his cell was immaterial because the defendants were not responsible for his deprivations or confinement conditions.

On appeal, Scott first challenges the entry of summary judgment for the defendants on the 2013 claims, which we review de novo, drawing all reasonable inferences in favor of Scott. *Gill v. Scholz*, 962 F.3d 360, 363 (7th Cir. 2020). (He does not raise any argument with respect to the 2011 and 2014 claims.) Scott contends that the district court erred in finding the defendants not responsible for the conditions he experienced, particularly his lack of soap. Scott points to evidence that he lacked soap

from May 23 until May 30, 2013, contending that the deprivation increased his infection risk and arguing that the delayed response warrants summary judgment in his favor.

To survive summary judgment on his conditions-of-confinement claim, Scott needed to show that the defendants were responsible for, and unreasonably ignored, a "sufficiently serious" condition. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The lack of soap, a basic hygiene need, can present a sufficiently serious deprivation. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). But even assuming the absence of soap for a week to be an actionable harm, the evidence does not show that these defendants knew of the deprivation and treated it with the "reckless disregard" necessary for deliberate indifference. *Giles v. Tobeck*, 895 F.3d 510, 513–14 (7th Cir. 2018); *see also LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020).

The Wisconsin Department of Corrections' policy on clinical observation states that psychological services staff "shall determine an inmate's allowed property" after consulting a security supervisor. As a "starting point," the psychological staff "shall approve" access to a list of items that includes soap, "unless there is a clinical or security reason to withhold them." The defendants averred that they believed that, under the policy, inmates under clinical observation are to receive soap *unless* Psychological Services Unit staff ordered otherwise. Schmidt's affidavit affirms that correctional staff routinely provided soap as needed to inmates under observation unless they were instructed otherwise; Scott's placement form shows no defendant restricted access to soap. Although the placement form authorized property such as a smock, mat, and blanket (the first two of which are also on the "starting point" list), the defendants state that, due to the risks, "access-to" items like toilet paper, soap, and eating utensils were provided only upon request to the responsible parties (unlike bedding, which is kept in-cell). Beginning on May 30, (a week into observation and after Scott complained to the sergeant) Breen-Smith authorized a shower for Scott and noted that he could have soap "to return," that is, not to keep in his cell (where the shower is located).

Further, the record shows that correctional and maintenance staff were responsible for distributing supplies and maintaining the cells; Psychological Services Unit staff (to whom Scott did not directly complain about soap) cannot be responsible for Scott's deprivation if other prison staff withheld the soap without their guidance. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job."). And Scott lacks sufficient evidence that the defendants wrongly restricted his access to soap, as the defendants listed no limitation

to soap on his placement form and believed that he could obtain it on request. Scott has never provided evidence to the contrary; he has never claimed that a request for soap to either correctional or maintenance staff was denied, much less at the direction of the four defendant psychologists.

Scott also contends that the district court abused its discretion by denying his requests for recruited counsel. Civil litigants are not entitled to recruited counsel, however. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). In deciding whether to exercise its discretion to recruit counsel, a court must consider whether the plaintiff has made a reasonable attempt to obtain counsel *and* whether, given the difficulty of the case, the plaintiff appears competent to litigate the case himself. *Id.* (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). In considering Scott's motions, the magistrate judges credited his attempts to retain counsel. The first sympathized with Scott's medical conditions, acknowledged the difficulties they presented, and properly weighed them against the demands of the case as well as Scott's demonstrated ability to express himself in writing. The second similarly considered Scott's limitations, but reasonably concluded that his competence in filing his own motion for summary judgment and responding to the defendants' motion showed that he was capable of representing himself. *See Romanelli v. Suliene*, 615 F.3d 847, 852–53 (7th Cir. 2010). Although Scott asserts that counsel would have facilitated litigation, that is true in most cases, and is not the proper inquiry. *See Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014). We see no abuse of discretion in the court's decisions denying recruited counsel.

We have considered Scott's remaining arguments, and none have merit.

AFFIRMED