NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2022[*]
Decided January 19, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2283

| | |
|---|---|
| DONOVAN KROSKA-FLYNN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | 18-cv-304-wmc |
| REED A. RICHARDSON, et al., *Defendants-Appellees*. | William M. Conley, *Judge*. |

**O R D E R**

Donovan Kroska-Flynn, a former Wisconsin state prisoner, appeals the denial of his motions for recruitment of counsel during his unsuccessful lawsuit asserting medical deliberate indifference on the part of two prison officials. Because the district court did not abuse its discretion in denying these motions, we affirm.

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

While housed at Stanley Correctional Institution, Kroska-Flynn suffered what he believes was an infection in his brain. He thinks that the infection was related to a skin rash. At Stanley, he says, he was regularly seen by medical staff, who saw no signs of any such infection and attributed his fixation to anxiety. Still, Kroska-Flynn was persistent, and he eventually received an MRI, which confirmed that there was no infection. Kroska-Flynn complained to both defendants (the warden and the health services manager) that he was not receiving adequate medical care but, he insists, they did nothing to help him. Later, he recounts, a doctor at another prison successfully treated his rash and, in doing so helped clear up the brain infection.

Kroska-Flynn sued the officials under 42 U.S.C. § 1983 for deliberate indifference in denying him medical care for his brain infection. Soon after amending his complaint, he filed the first of three motions for recruitment of counsel. In this motion, he explained that he was soon to be released from prison and could no longer rely on his fellow inmates for legal advice that he regarded as indispensable. In a text order, the court denied the motion, noting that the matter had not yet been screened and that, if he were permitted to proceed, he could renew the motion if he continued to believe he could not litigate the case on his own.

Kroska-Flynn promptly moved again for recruitment of counsel, this time alluding to a traumatic brain injury he had suffered and his need for a lawyer's help in gathering and presenting evidence. The court denied the request. In a screening order that allowed him to proceed on his claims against the two defendants, the court explained that Kroska-Flynn managed to amend his complaint, renew his motion for recruitment of counsel, and submit filings that reflected an appropriate understanding of the applicable standards.

Kroska-Flynn filed his third motion for counsel in connection with multiple other filings (seeking to obtain a preliminary injunction, to resolve a discovery dispute, and to amend his complaint a second time). He argued that he could no longer proceed pro se because the medical issues in his case were complex. The court denied all the motions (with one exception for a discovery ruling). As for the request for counsel, the court remained "unconvinced" that litigating this suit was beyond Kroska-Flynn's capabilities. The court pointed out that his submissions—particularly his filings seeking a preliminary injunction—demonstrated a capacity to apply the law to the facts of his case, and the court did not see his case as different from the many other cases in which pro se litigants challenged their medical care. The court added that it would consider recruiting a neutral expert to review his medical records if it became clear that medical

expertise was necessary for Kroska-Flynn to survive summary judgment or prove his claims at trial.

The court ultimately granted the defendants' motion for summary judgment. Regarding the health services manager, the court determined that Kroska-Flynn had not introduced sufficient evidence from which to infer that he had an objectively serious medical need or that she had ignored it. As for the warden, the court concluded that he was entitled to defer to the physicians' treatment decisions.

Kroska-Flynn devotes his brief on appeal to challenging only the district court's denial of his motions to recruit counsel. He maintains that his brain injury made it too difficult for him to litigate the case by himself and that a lawyer would have helped him collect the evidence he needed to defeat summary judgment.

But the court appropriately exercised its discretion in denying Kroska-Flynn's motions for counsel. At the time of the first motion, the case was still in its infancy, and the court reasonably determined at this juncture that it was too early to assess Kroska-Flynn's needs. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). The court also adequately justified its denial of the second motion, noting that Kroska-Flynn's submissions up to that point (a motion for a preliminary injunction, discovery motions, an amended complaint, and a renewed motion for assistance of counsel) showed an understanding of the applicable standards and an ability to meet the demands of the case at this stage in the suit. *See Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc). And the court appropriately denied the third motion, explaining that the quality of his submissions (particularly his motions seeking a preliminary injunction) confirmed that the complexity of his medical claims did not exceed his capacity to litigate the case on his own. *Id.*

To the extent Kroska-Flynn intends to challenge the court's summary-judgment ruling, he has not developed any argument that would provide a basis to disturb the district court's order. *See* FED. R. APP. P. 28(a)(8). We have independently reviewed the record and, for the reasons stated by the district court, AFFIRM the judgment.