**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022[*]
Decided April 8, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2908

| | |
|---|---|
| GREGORY CAIN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | 19-cv-643-SPM |
| CONTINENTAL TIRE THE<br>AMERICAS, LLC,<br>    *Defendant-Appellee*. | Stephen P. McGlynn,<br>*Judge*. |

**O R D E R**

Gregory Cain sued his employer, alleging that its health-services provider discriminated against him because he is Black. During early stages of the proceedings, the district court denied each of Cain's three motions to recruit counsel and, eventually, entered summary judgment for the employer. On appeal, Cain argues that the court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

should have recruited a lawyer for him. But, because the court did not abuse its discretion by denying Cain's requests, we affirm.

In June 2018, Cain's right hand and arm were painful and swollen, so he twice visited the onsite healthcare provider at the Continental Tire the Americas, LLC, plant where he worked. Continental contracts with an outside company to provide healthcare at the plant. At the first visit, the medical staff gave Cain a drug test (as a Continental policy requires) and assessed him for injuries. Cain sought treatment again—at the same time as a white woman with a hand injury that was bleeding and needed stitches. Staff quickly took her to an urgent-care facility without drug-testing her. In contrast, Cain again took a drug test and was referred to urgent care but had to take himself there. Continental later explained that the healthcare staff had only one vehicle, which was used to transport the patient whose injury they determined had priority.

Cain filed a charge of discrimination with the Equal Employment Opportunity Commission, asserting that he was discriminated against based on his race. He specified that he had been denied medical treatment and required to take drug tests whereas non-Black employees received treatment without drug testing. He did not say that any disability caused the difference in treatment, nor did he complain of retaliation. The EEOC declined to pursue the charge and issued a right-to-sue letter.

Cain then filed suit against Continental in federal court and petitioned to proceed in forma pauperis. He alleged that Continental discriminated against him based on his race. The district court screened the complaint and dismissed it for failure to state a claim because it contained only barebones allegation of wrongdoing. 28 U.S.C. § 1915(e)(2). Cain filed an amended complaint, and after screening, the court allowed Cain to proceed on a race-discrimination claim under Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 1981, *id.* § 1981, a retaliation claim under Title VII, *id.* § 2000e-(a), and a disability-discrimination claim under the Americans with Disabilities Act, *id.* § 12112(a).

Throughout this preliminary stage, Cain asked the court to recruit counsel for him three times. The court denied the first two requests because Cain did not show that he had made a reasonable attempt to obtain counsel independently. The third time, Cain proved sufficient efforts to find a lawyer, but the court concluded, based on Cain's pleadings and the uncertainty of how complex discovery would be, that Cain appeared to be competent to litigate the case on his own. Therefore, the court denied the motion but specified it was doing so only "at this time."

After waiving service of process, Continental answered the operative complaint, and discovery began. Cain encountered multiple problems. Among other things, he filed excessive requests for subpoenas, sent discovery responses directly to the court, and felt strained by a nine-hour deposition.

After discovery ended, Continental moved for summary judgment. Cain failed to timely respond, and so the court issued an order to show cause why it should not enter judgment for Continental if he did not respond within two more weeks. Cain quickly responded that he had not received the motion. On the same day, however, Cain also filed a response brief arguing that Continental failed to address important facts. Cain later filed two more responses. In the first, he gave his side of the story, setting out a long history of mistreatment at Continental. In the second, he asserted that there were sufficient facts to support his claims and further that Continental and its lawyers had acted in bad faith throughout the lawsuit.

The court granted Continental's motion for summary judgment. It explained that Cain lost on the race-discrimination claim because his only evidence of discrimination was the better treatment given to the white patient, who unlike him was actively bleeding and whose injury was deemed an emergency. The other two claims—disability discrimination and retaliation—were not included in any EEOC charge and, therefore, Cain had not exhausted his administrative remedies as required. The disability-discrimination claim also failed because Cain conceded that his condition rendered him unable to perform his job, even with a reasonable accommodation. And, as for retaliation, Cain lacked evidence of a causal connection between a protected activity and any adverse employment action taken by Continental.

On appeal, Cain seeks to overturn the summary-judgment ruling on the sole ground that the district court erred by denying his motions to recruit counsel. Cain argues that his pattern of mistakes, his obvious confusion throughout the lawsuit, his high-school education, and the imbalance of resources between him and Continental, show that he was not competent to litigate on his own. We review the district court's rulings for abuse of discretion. *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc). Our precedent requires a district court to determine whether a litigant has made reasonable efforts to obtain counsel before asking the court to intervene, and, if so, whether the litigant is competent to represent himself given the stage and complexity of the case. *Id.* at 655. On appeal, we also require a showing that there is a reasonable likelihood that the presence of counsel would have made a difference in the outcome of the litigation. *Id.* at 659.

Here, the district court permissibly denied Cain's first two motions because Cain had not demonstrated that he had attempted to obtain counsel on his own. In his first motion, Cain stated only that he could not afford a lawyer, and in his second he asserted that he had contacted lawyers but gave few details and no supporting documentation. Denying Cain's motions based on the failure to establish this threshold requirement was not an abuse of discretion. *Machicote v. Roethlisberger*, 969 F.3d 822, 828–29 (7th Cir. 2020).

The court also reasonably denied Cain's third motion after concluding that his submissions up to that point showed an ability to meet the demands of the case. *See Pruitt*, 503 F.3d at 655. Cain's filings were not perfect; for example, he had to correct the amended complaint after filing it with pages missing. But he successfully amended the complaint, producing a coherent narrative with relevant factual allegations and legal authority. *Romanelli v. Suliene*, 615 F.3d 847, 849 (7th Cir. 2010). There was no reason to anticipate that the case would involve difficult-to-obtain evidence, and the court did not err by categorizing the case as manageable for Cain based on the record at the time. *See Perry v. Sims*, 990 F.3d 505, 514 (7th Cir. 2021). Therefore, the court reasonably concluded at the pleading stage that Cain could coherently present his case.

Cain insists that the court must have erred because he obviously did not understand the discovery process. But we have insisted that district courts can assess a litigant's competence only on the record at the time it makes its decision, and on review we also do not look to developments later in the case when considering whether the decision was erroneous. *Pruitt*, 503 F.3d at 656, 658. Cain filed all of his motions before discovery began, and although the district court made clear that he could renew his request, he did not raise the issue again once discovery began.

Because there was no abuse of discretion, we need not explore whether Cain can show the required prejudice. We note, however, that his brief contains no argument about how an attorney could have made a difference in the outcome of his case given the limited scope of the single exhausted claim and sparse evidence of adverse actions by Continental (as opposed to its contractor).

We have considered Cain's other arguments, and none has merit.

AFFIRMED